Accordingly, defendant's motion for summary judgment is granted.

**UNITED STATES of America, Plaintiff,**

**v.**

**UNITED STATES CURRENCY IN the AMOUNT OF $324,225.00; One 1972 Chevrolet Chevelle Convertible, VIN: 1D67W2K544911; One 1971 Chevrolet Chevelle SS, VIN: 136371K183248; One 1966 Chevrolet Nova II, VIN: 116376N145548; One 1962 Chevrolet Impala Convertible, VIN: 21867S263768; One 1972 Chevrolet El Camino, VIN: 1D80W2K583824; One 1964 Chevrolet Malibu Convertible, VIN: 45867K149397; One 1970 Chevrolet Chevelle Malibu SS, VIN: 13670K199991; One 1970 Chevrolet Chevelle Malibu, VIN: 136370R210639; One 1971 Chevrolet Chevelle Convertible, VIN: 136671k182560; One 1956 Ford Thunderbird, VIN: P6FH161783; One 1977 Porsche 911, VIN: 9114301062; One 1937 Chevrolet, VIN: 3G805–39290; One 1970 Cadillac Convertible, VIN: F0309195; One 1963 Chevrolet Corvette, VIN: 30837S121054; Custom Car Kit (No VIN); One 1989 Oldsmobile Calais, VIN: 1G3NF14D3KM208893; and One Parcel of Real Property Described as Lot Sixteen (16) Sans Souci Subdivision Resurvey, Located in the Northwest Quarter of the Southeast Quarter and the Northeast Quarter of the Southeast Quarter, Section 33, Township 22, Range 25, Barry County, Missouri, Together With all its Buildings, Appurtenances and Improvements, Defendants.**

No. 89–1081–CV–JWO–3.

United States District Court, W.D. Missouri, W.D.

Nov. 17, 1989.

Frances E. Reddis, U.S. Attorney's Office, Kansas City, Mo., for U.S.

## ORDER

ELMO B. HUNTER, Senior District Judge.

Before the Court is plaintiff's Motion for United States Marshal to Enter, Inspect, Inventory and Secure the Defendant Property. A United States magistrate has issued an arrest warrant for the defendant property, having determined that probable cause exists for the forfeiture of the property pursuant to 21 U.S.C. § 881. The magistrate was also willing to grant the motion to enter and inventory on the condition that the government agree not to use any contraband or evidence of crime that might be found during the inventory of the house. Unwilling to accept that condition, the government has resubmitted the motion to the Court.

Research reveals only one case discussing the issue presented here: whether the government must have probable cause sufficient to support a Federal Rule of Criminal Procedure 41 search warrant before entering, inspecting and inventorying the contents of a house seized pursuant to a valid arrest warrant. In *United States v. Ladson*, 774 F.2d 436, 439–40 (11th Cir. 1985), the court held that where a special agent of the Drug Enforcement Administration entered a lawfully seized house, but without a search warrant supported by a judicial finding of probable cause, the evidence discovered during the inventory had to be excluded in a later criminal prosecution. The court wrote that the special agent could have entered the seized house if the judge or magistrate had been "presented with probable cause sufficient to support a warrant...." *Id.* at 439, n. 4.

The government had argued in *Ladson* that the evidence discovered in the seized house (which led to the acquisition of a search warrant and a thorough, successful search for evidence) was admissible under the plain view exception to the exclusionary rule. Under the plain view doctrine, there are circumstances under which "the police may seize evidence in plain view without a warrant." *Coolidge v. New Hampshire*, 403 U.S. 443, 465, 91 S.Ct. 2022, 2037, 29 L.Ed.2d 564 (1971). The plain view doctrine is most easily applied where no intrusion occurs, such as when a police officer sees contraband or evidence in a vehicle. When an intrusion occurs first, however, three requirements must be met before the plain view doctrine applies. First, the prior intrusion must be lawful. Second, the discovery of evidence in plain view must be inadvertent. Third, it must be immediately apparent that the discovered objects are subject to seizure. *Id.* at 465–73, 91 S.Ct. at 2037–42. The *Ladson* court agreed with the government that the second and third elements of the test had been met but disagreed that the special agent was *lawfully* within the seized house. The court held that the "seizure warrant/writ of entry" issued by the district judge did not authorize entry into the seized house for any purposes. In dictum, the court indicated that the judge could have authorized entry into the seized house, but only upon a showing of probable

cause sufficient to support a search warrant. 774 F.2d at 439, n. 4. This Court disagrees with the *Ladson* panel.

■ The *Ladson* decision ignores the basic purpose of the plain view doctrine which is to permit law enforcement personnel to seize evidence that is in plain view *without first obtaining a search warrant.* Under *Ladson* the government cannot protect itself by inventorying and securing a house lawfully seized without surrendering its authority to seize evidence or contraband within plain view. Just as an arrestee's person may be searched and the discovered items inventoried without probable cause or search warrant, *Illinois v. Lafayette,* 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983), and as an impounded vehicle may be inventoried without probable cause or search warrant, *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), the government should be permitted to conduct a limited inventory search of a building or house *lawfully seized.* The presence of law enforcement personnel inside the house for this limited purpose is undoubtedly lawful and proper. Therefore, if such an inventory should produce contraband or evidence of crime, the plain view doctrine's first requirement of a valid prior intrusion would be met. It is the Court's judgment that the government need not first agree not to use any contraband or evidence of crime that might be found during the inventory of the house.

There is a legitimate concern that law enforcement officers might be tempted to abuse this process and use their seizure powers under 21 U.S.C. § 881 or other laws as a means of circumventing the usual requirement of showing probable cause to obtain a search warrant. The Court, however, cannot assume that law enforcement officers will attempt to subvert the law. Moreover, there is an added safeguard; in cases like this one, the government must first make a showing of probable cause that the property is subject to forfeiture. Last, the government cannot do more than conduct a inventory search. If the government engages in a search of broader scope than inventorying would allow, the search would probably violate the fourth amendment and any evidence or contraband dis-

covered would be subject to the exclusionary rule. A lawful seizure only legitimizes a limited inventory search of the seized property and not a broad search for evidence or contraband. Whether an "inventory" or a "search" occurred is a factual inquiry to be made upon the facts and circumstances of each case.

Therefore, based upon the magistrate's finding that probable cause exists for the forfeiture of the house pursuant to 21 U.S.C. § 881 and upon the plaintiff's motion, it is hereby ORDERED:

1. That the United States Marshal, by and through his authorized agents, may enter the defendant real property together with all its buildings, appurtenances and improvements described as:

> Lot sixteen (16), Sans Souci Subdivision Resurvey, located in the Northwest Quarter of the Southeast Quarter and the Northeast Quarter of the Southeast Quarter, Section 33, Township 22, Range 25, Barry County, Missouri;

make an inspection of the property; make an inventory of the defendant real property and fixtures contained therein; and secure the property.

2. That the entry, inspection and inventory of the described property shall commence during the daylight hours within ten days from the date of this Order.

IT IS SO ORDERED.